UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MARK SCROFANI,

                    Plaintiff,

       -against-

NASSAU COUNTY DEP'T OF SOCIAL
SERVICES,

                    Defendant.
-------------------------------------------------------------X

**FILED**
**CLERK**

1/15/2016 2:23 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
11-CV-2276 (JMA) (GRB)

**AZRACK, United States District Judge:**

       This action was filed in May 2011 and was previously before Judge Seybert. Between the complaint's filing and September 23, 2013, Judge Seybert issued three Notices of Impending Dismissal for failure to prosecute the action. Plaintiff responded to each of these. The case was reassigned to me on January 16, 2015. On February 12, 2015, plaintiff's wife contacted my Chambers to inform the Court that the pro se plaintiff had passed away. On March 23, 2015, the Court issued a Status Report Order, directing the plaintiff's wife (or other representative of his estate) to file a status report by April 17, 2015. The Order warned that a failure to do so could result in dismissal of the action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

       On September 30, 2015, the Court issued an Order to Show Cause, requiring a representative of plaintiff's estate to show cause before the Court by November 15, 2015, why the action should not be dismissed for failure to prosecute. To date, no representative has filed anything with the Court. There have been no filings in this action at all since October 8, 2013.

       Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).   The district court also has the inherent power to dismiss a case <u>sua</u> <u>sponte</u> for lack of prosecution or noncompliance.   <u>Merker v. Rice</u>, 649 F.2d 171, 173 (2d Cir. 1981).   The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions.   <u>Shannon v. G.E. Co.</u>, 186 F.2d 186, 193 (2d Cir. 1999).   Generally, no single factor is dispositive.   <u>Id.</u>

Here, over four years have elapsed since plaintiff first filed his complaint.   Plaintiff's representative has failed to respond to the Court's two most recent directives and had previously received three other Notices of Impending Dismissal.   The Court has warned plaintiff that failure to respond to the Order to Show Cause could result in the dismissal of the case.   Plaintiff's failure to comply with the Court's Orders constitutes grounds for dismissal.   Accordingly, plaintiff's claims are dismissed, without prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Date:   January 15, 2016
      Central Islip, New York

                                                        _____/s/ (JMA)_____
                                                          Joan M. Azrack
                                                          United States District Judge